http://www.va.gov/vetapp16/Files5/1641957.txt

Citation Nr: 1641957 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-16 893 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Entitlement to an increased disability rating for lumbosacral strain with degenerative joint disease, evaluated as 10 percent disabling prior to February 20, 2013. 

2. Entitlement to an increased disability rating for lumbosacral strain with degenerative joint disease, evaluated as 20 percent disabling beginning February 20, 2013. 

3. Entitlement to an increased disability rating for right lower extremity femoral radiculopathy, evaluated as noncompensably disabling prior to February 20, 2013. 

4. Entitlement to an increased disability rating for right lower extremity femoral radiculopathy, evaluated as 10 percent disabling beginning February 20, 2013. 

5. Entitlement to an increased disability rating for left lower extremity femoral radiculopathy, evaluated as noncompensably disabling prior to February 20, 2013. 

6. Entitlement to an increased disability rating for left lower extremity femoral radiculopathy, evaluated as 10 percent disabling beginning February 20, 2013. 

REPRESENTATION

Appellant represented by: Texas Veterans Commission

ATTORNEY FOR THE BOARD

L. J. Wells-Green, Counsel

INTRODUCTION

The Veteran had active military service from April 1979 to April 1994 and from February 2006 to February 2008. This matter is before the Board of Veterans' Appeals (Board) on appeal of February 2010 and March 2013 rating decisions of the Waco, Texas, Regional Office (RO) of the Department of Veterans Affairs (VA). 

In an August 2014 decision, the Board denied the issue of entitlement to an increased disability rating for service-connected lumbar spine disability and remanded the claims for separate ratings for femoral radiculopathy of the right and left lower extremities. The Veteran subsequently appealed the Board decision to the United States Court of Appeals for Veterans Claims (Court). In an April 2015 Order, based on a Joint Motion for Partial Remand (Joint Motion), the Court remanded that portion of the Board's August 2014 decision that denied an increased disability ratings for the Veteran's low back disability during the periods on appeal. In August 2015, the Board remanded the issue in compliance with the terms of the Joint Motion and Court Order. The August 2015 remand further included the intertwined issues of entitlement to increased separate disability ratings for femoral radiculopathy of the right and left lower extremities. 

REMAND

Pursuant to the August 2015 remand, the Veteran underwent a VA examination of his low back in January 2016 that specifically addressed whether the Veteran had functional loss during flare-ups of his low back disability or any additional limitation of motion due to pain during range of motion testing. However, regulations with regard to rating service-connected joint disorders require that VA examinations also include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing by evaluating range of motion. 38 C.F.R. § 4.59 (2015); Correia v. McDonald, No. 13-3238, 2016 WL 3591858 (Vet. App. July 5, 2016). The Veteran's earlier VA orthopedic examination reports, as well as the most recent January 2016 VA examination, do not adequately comply with 38 C.F.R. § 4.59. 

The issues of entitlement to increased initial disability ratings for femoral radiculopathy of the right and left lower extremities remain inextricably intertwined with the Veteran's claim for an increased disability rating for his low back disability. 38 C.F.R. §§ 3.340, 4.16 (2015). Therefore, these issues may not be resolved until the increased low back rating issue is fully addressed. Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, the case is remanded for the following action:

1. The Veteran must be afforded a VA examination to determine the severity of his service-connected lumbosacral spine disability and bilateral lower extremity femoral radiculopathy. The Veteran's electronic claims file must be made available to and reviewed by the clinician in conjunction with the examination. All indicated diagnostic tests and studies must be accomplished. All pertinent symptomatology and findings must be reported in detail. 

The examiner must first record the range of active and passive motion on clinical evaluation, in terms of degrees with a goniometer. If there is clinical evidence of pain on motion, the examiner must indicate the specific degree of motion at which such pain begins. The same range of motion studies must then be repeated after at least three repetitions and after any appropriate weight-bearing exertion. This information must be derived from joint testing for pain on both active and passive motion, and in weight-bearing and nonweight-bearing. 

The examination report must confirm that all such testing has been made and reflect the results of the testing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, the examiner must clearly explain why that is so. 

Then, after reviewing the Veteran's complaints and medical history, the examiner must render an opinion as to the extent to which the Veteran experiences functional impairments, such as weakness, excess fatigability, lack of coordination, or pain due to repeated use or flare-ups, etc. Objective evidence of loss of functional use can include the presence or absence of muscle atrophy and/or the presence or absence of changes in the skin indicative of disuse. 

The examiner must also specifically state whether any neurologic manifestation found results in complete or incomplete paralysis of any nerve. The specific nerves involved must be identified. If incomplete paralysis is found, the examiner must state whether the incomplete paralysis is best characterized as mild, moderate, or severe; with the provision that wholly sensory involvement should be characterized as mild, or at most, moderate. The examiner must also state whether the Veteran has intervertebral disc syndrome; if so, the examiner must state whether the Veteran experiences incapacitating episodes requiring bed rest by a physician, and the frequency and total duration of such episodes over the course of the previous 12 months. 

2. The RO must notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for the aforementioned examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable. 

3. After the development requested has been completed, the RO must review the examination report to ensure that it is in complete compliance with the directives of this Remand. If the report is deficient in any manner, the RO must implement corrective procedures at once. 

4. Once the above action has been completed, and any other development as may be indicated by any response received as a consequence of the actions taken above, the claims on appeal must be adjudicated. If any benefit on appeal remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review. 

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).

_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).